472 So.2d 825 (1985)
Jerry ANDEN, Appellant,
v.
Steven LITINSKY and Laura Litinsky, and Cedar Investments, Inc., Appellees.
No. 84-1579.
District Court of Appeal of Florida, Fourth District.
July 10, 1985.
Richard W. Epstein of Hodge, Scholnik, Swan & Epstein, P.A., Fort Lauderdale, for appellant.
Rod Tennyson of Powell, Tennyson & St. John, P.A., West Palm Beach, for appellees  Steven and Laura Litinsky.
*826 DOWNEY, Judge.
Appellant, Jerry Anden, seeks reversal of a final judgment in favor of appellees, Steven and Laura Litinsky, for damages resulting from deficient construction of a residence.
The Litinskys entered into a contract with Cedar Investments, Inc., to have a home constructed in the Estancia West Subdivision of Boca Raton. During the negotiations leading to the construction contract, the Litinskys dealt with Jerry Anden. He advised them that he was a general contractor; that he had a great deal of experience in the construction of homes; and that he would oversee and supervise the construction on a daily basis and build them a quality home. Being satisfied with Anden's apparent qualifications, the Litinskys executed the construction contract with Cedar Investments, Inc. At all times material hereto, Anden served as the president of Cedar Investments, Inc., also known as Cedar Builders. Anden treated the corporation and himself interchangeably. In fact, on one occasion Anden told the Litinskys that Cedar Investments, Inc., Cedar Builders and Jerry Anden  "doesn't matter they are all me."
In actuality neither Anden nor Cedar Investments, Inc., held a general contractor's license. Therefore, a Mr. Flores, who worked for Anden but was not a licensed contractor himself, obtained authority from Charles Horas, a licensed contractor with Joe Block Construction Company, to use his license number to obtain a permit to build the Litinsky home. Neither Horas nor Joe Block Construction Company knew Anden prior thereto and Horas did not supervise the construction of the Litinsky home. Construction of the home was, in fact, supervised by Mr. Flores and Anden, neither of whom were licensed contractors. Horas conceded this manner of pulling permits was a statutory violation. Predictably, the construction did not comply with the plans and specifications, giving rise to disagreements between Anden and the Litinskys. As a result, a new contractor finished the job at a cost in excess of the contract price.
The Litinskys filed suit for damages against Cedar Investments, Inc., for breach of warranty and breach of contract. They also sued both Cedar Investments, Inc., and Anden for violation of the Florida Deceptive and Unfair Trade Practices Act. § 501.201, et seq., Fla. Stat. (1979), (commonly referred to as Florida's "little FTC act.") The trial court entered judgment against the defendants jointly and severally for $26,810.64, finding that Cedar Investments had breached its implied warranty and its contractual obligations to the plaintiffs by failing to build the home pursuant to standard specifications and reasonable standards of merchantability, and further finding that Anden had violated the Florida Deceptive and Unfair Trade Practices Act. The judgment specifically found that Anden engaged in the trade or commerce of supervising the building of homes for others; that he represented himself personally to the Litinskys as a general contractor who would supervise the building of a quality home for them pursuant to plans and specifications. The court further found that these representations were false as they implied he was a licensed general contractor with state-required minimum skills to build single family homes. Anden has perfected this appeal from that judgment.
Anden contends that it was error to find him personally liable for damages where the only contractual relationship existed between the Litinskys and Cedar Investments, Inc., of which he was merely an officer, without any proof sufficient to pierce the corporate veil. On the other hand, the Litinskys' contention is, and was, that Anden is liable for violations of the "little FTC act" because he was a direct participant in the deceptive and unfair practices visited upon the Litinskys. In his negotiations with them Anden was the key to everything. He was the general contractor; he was the corporation; he was the one with the expertise who would supervise the quality construction. The Litinskys testified that is what they believed and that is why they entered into the contract. *827 In Rollins Inc. v. Heller, 454 So.2d 580 (Fla. 3d DCA 1984), the appellant similarly contended that it was not the contracting party and, thus, could not be held liable under the "little FTC act." However, the court there held that, like Anden, the appellant was a direct participant in the dealings with the appellee and therefore there was no necessity to pierce the corporate veil of the contracting party in order to impose liability on the appellant.
Section 501.204, Florida Statutes (1979), declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It also sets forth the legislative intent that interpretations of the Federal Trade Commission Act by the federal courts relating to section 5(a)(1) of the Federal Trade Commission Act shall be given great weight. Furthermore, due to authorization contained in the act, the Florida Department of Legal Affairs has promulgated Chapter 2-15 of the Florida Administrative Code entitled "Home Construction and Improvements." See § 501.205, Fla. Stat. (1979). Section 2-15.03(1) thereof provides:
It shall be an unfair or deceptive act or practice for any home improvement contractor or home contractor ... to make any misrepresentation in the procurement of a construction contract or to make any false promise of a character likely to influence, persuade or induce.
Next, we consider section 489.105(3), Florida Statutes (1979), which defines contractors and general contractors as a person:
who, for compensation, undertakes to, submits a bid to, or does himself or by others construct, repair, alter, remodel, add to, subtract from, or improve any building or structure, including related improvements to real estate, for others or for resale to others.
Finally, section 489.113(2), Florida Statutes (1979), prohibits any person who is not licensed from engaging in the business of contracting in this state and section 489.127, Florida Statutes (1979), makes it a misdemeanor to engage in business or act as a contractor without being duly registered or certified.
In the light of the consumer regulations set forth above, it appears to us that the trial judge was eminently correct in finding that Anden was guilty of violating the Florida Deceptive and Unfair Trade Practices Act and entering judgment against him for the Litinskys' damages.
Accordingly, the judgment appealed from is affirmed.
ANSTEAD and WALDEN, JJ., concur.