## GREEN v JEAN, etc., et al.
### Case No. M-85-12494-C
County Court, Palm Beach County
August 7, 1986

### APPEARANCES OF COUNSEL

**Scott M. Richardson** for plaintiff.
**Charles Wender** for defendant.

## OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for nonjury trial on July 30, 1986. All parties were present with counsel. The Court heard sworn testimony and received documents into evidence. Plaintiff failed to carry his burden of proof with respect to his claims of fraud and civil theft (S 812.035(7), Fla. Stat. (1985)). Plaintiff's entitlement to the return of his

security deposit was not disputed and is not at issue. With respect to a claim under the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, Florida Statutes (1985) et. seq., the Court makes findings of fact and draws conclusions of law as follows:

Plaintiff stored his boat at Northlake Marine pursuant to a storage contract entered into with the corporate Defendant. As president of the corporation, Defendant Jean handled negotiations with Plaintiff. The contract provided for a month-to-month bailment. In July, Plaintiff consulted with Defendant Jean concerning some difficulty with his engine. Jean advised Plaintiff to scrap his existing engine and purchase a new one from Northlake Marine, Inc. at a substantial cost to Plaintiff. Plaintiff wanted a second opinion. When Plaintiff sought to remove his boat for that opinion, Jean demanded payment of $635.00. At first, no bill or accounting was presented to Plaintiff to substantiate the demand. After heated "negotiations" between Plaintiff and Jean, the boat was released on August 22, 1986 upon Plaintiff's payment of $425.00. Plaintiff paid this amount under protest. The accounting prepared by Defendants to justify this charge contains charges for repair work never done by Defendants. In addition, Plaintiff was overcharged due to an error in addition and for a surcharge not described in the storage agreement between the parties.

Section 501.204, Florida Statutes (1985) proscribes "unfair or deceptive acts or practices in the conduct of any trade." A practice is "unfair" when "the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Urling v. Helms Exterminators, Inc.*, 468 So.2d 451, 453 (Fla. 1st DCA 1985).

Defendants' conduct concerning the release of the boat and assessment of charges constituted a violation of Section 501.204. The charges sought as a condition of releasing the boat were far in excess of what Plaintiff owed at the time. Although the amount sought was later reduced, the final accounting was improperly padded. Most importantly, the accounting contained a charge for repair work never performed. Defendants produced no evidence that the work was done and the bill upon which they rely was never signed by Plaintiff. A bailor who holds another's property assumes a superior bargaining position vis-a-vis the owner. A consumer denied access to his property is especially vulnerable to excessive demands made as a condition of the property's release. The imposition of excessive or false charges in a bailment transaction is precisely the type of conduct which offends Section 501.204.

Defendant Jean contends that Plaintiff has failed to pierce the

44

corporate veil and that Northlake Marine, Inc. is the only proper defendant. Jean was the president and owner of all the stock of Northlake Marine, Inc. Jean was the primary actor in the attempt to secure excessive charges prior to the boat's release. Where a defendant is such a "direct participant" in dealings with a consumer, individual liability is imposed upon him under the Deceptive and Unfair Trade Practices Act without the necessity of proof sufficient to pierce the corporate veil. *Anden v. Litinsky*, 472 So.2d 825, 826-27 (Fla. 4th DCA 1985).

With regard to damages, Plaintiff is not entitled to a proration of August's rent, since recovery was barred by paragraph 13 of the security agreement. Plaintiff is entitled to recover damages as follows:

| | |
|---|---|
| $125.00 | Security deposit |
| $134.95 | Repair work not done |
| $46.84 | Error in billing |
| *$26.35* | Surcharge less $5.00 late charge |
| $333.14 | |

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff, PETER GREEN recovers from Defendants, RICHARD D. JEAN and NORTHLAKE MARINE, INC., the sum of $333.14, $38.33 for interest and $50.00 for court costs, with interest at 12% per annum, for which let execution issue. The Court reserves jurisdiction hereof to assess additional costs, if any, and attorney's fees pursuant to Section 501.2105, Florida Statutes (1985).

DONE AND ORDERED in West Palm Beach, Florida this 7th day of August, 1986.