545 So.2d 276 (1989)
KINGSWHARF, LTD., Helcinmar Corp., Sherwin Ross and Irwin Adler, Appellants,
v.
Scott KRANZ, Appellee.
No. 87-2441.
District Court of Appeal of Florida, Third District.
January 24, 1989.
Rehearing Denied July 14, 1989.
*277 Herbert Stettin, Miami, for appellants.
Kluger, Peretz & Kaplan and Alan J. Kluger and Leonel R. Plasencia, Miami, for appellee.
Before BARKDULL and DANIEL S. PEARSON, JJ., and MELVIN ORFINGER, Associate Judge.
MELVIN ORFINGER, Associate Judge.
This appeal is from a judgment awarding damages in favor of the purchaser of real estate and against the developers of the property.
Kingswharf, Ltd., (Kingswharf), is a Florida limited partnership which acted as a developer of L'Hermitage, a townhouse development on Biscayne Bay in the City of Miami. Helcinmar, Inc., (Helcinmar) was the general partner of Kingswharf. Sherwin Ross and Irwin Adler were the shareholders and officers of Helcinmar and were active in the management of Kingswharf.
Kranz entered into a contract with Kingswharf for the purchase of property in L'Hermitage, with a home to be constructed in accordance with agreed plans for a total price of $355,000. After he closed the real estate transaction and took possession, Kranz filed suit against appellants alleging the existence of numerous construction defects and claiming damages in numerous counts under different legal theories. The jury returned a verdict for Kranz awarding damages of $75,000 for breach of contract against Kingswharf; damages of $100,000 against Kingswharf and Helcinmar for breach of express warranty; and damages of $100,000 against all appellants for breach of the Florida Deceptive and Unfair Trade Practices Act, (the Act) section 501.201, et seq., Florida Statutes (1987). This appeal follows and we reverse.
Appellants first contend that the court erred in submitting to the jury the claim under the Act because the Act does not apply to real estate transactions. We agree. The Act is directed towards consumer sales practices and seeks to protect consumers from suppliers who commit deceptive and unfair trade practices. § 501.202(2), Fla. Stat. (1987). "Supplier" is defined as "a seller, lessor, assignor, or other person who ... engages in ... consumer transactions ..." § 501.203(3), Fla. Stat. (1987). A "consumer transaction" is defined as "... a sale, lease, assignment, award by chance or other disposition of an item of goods, a consumer service or an intangible ..." § 501.203(2), Fla. Stat. *278 (1987). A sale of real estate is not a "consumer transaction" within the statutory definition. Larry Kent Homes, Inc. v. Empire of America FSA, 474 So.2d 868 (Fla. 5th DCA 1985); State v. DeAnza Corp., 416 So.2d 1173 (Fla. 5th DCA 1982).
Appellee relies on the broad language of section 501.204(1) which says:
(1) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. [Emphasis added].
While this broad language would seem to include real estate sales,[1] we cannot ignore the statutory definitions and stated purposes of the Act which appear to limit its application to consumer transactions. As stated by the court in State ex rel. Herring v. Murdock, 345 So.2d 759 (Fla. 4th DCA 1977),
Perhaps the legislature intended to include real estate sales as a "consumer transaction"; but such sales are not included in the definition of "consumer transaction" explicitly stated in the act; and we cannot properly make such an addition to the definition.
Id. at 760.
Appellee relies for affirmance on Anden v. Litinsky, 472 So.2d 825 (Fla. 4th DCA 1985), but that case can be distinguished from this one on its facts. In Anden, it is not clear that a real estate transaction was involved. However that may be, the Act was not invoked against the builder corporation, but only against Anden, an officer of the corporation, in his individual capacity, who was found to have engaged in providing a service, viz, supervising the building of houses for others. It was because of the deceptive and unfair practices visited by Anden upon the Litinskys in falsely representing that he was fully qualified to, and would supervise the construction for them of a quality home, that the recovery under the Act was upheld. The provision of a service to an individual for purposes that are primarily personal, family or household, falls within the definition of a "consumer transaction." § 501.203(1), Fla. Stat. (1987).
We must also reverse the award of damages on the counts for breach of contract and for breach of warranty and remand those counts for a new trial as to damages only. Both counts were based on the same elements of damages, and there is clearly a duplication in the damages awarded. Double recovery on the same element of damages is prohibited. See Atlantic Coast Line R. Co. v. Saffold, 130 Fla. 598, 178 So. 288 (1938); Besett v. Basnett, 437 So.2d 172 (Fla. 2d DCA 1983). Moreover, a large part of the damages claimed was based on what appellee characterizes as diminution of value, based on a claim that a portion of the building was not habitable because it would flood. However labeled, there was no evidence presented as to the value of the property upon which the jury could base an award for that claimed loss, and it should not be left to speculate what those damages, if any, might be.
The portion of the judgment awarding damages of $100,000 for violation of Chapter 501, Florida Statutes, is reversed with instructions that the trial court direct a verdict for defendants as to that count. The portions of the judgment awarding damages of $75,000 for breach of contract and $100,000 for breach of express warranty are reversed and those counts are remanded for a new trial on the issue of damages only.
NOTES
[1] By notice of supplemental authority, appellee has called our attention to the case of Gabriel v. O'Hara, 368 Pa.Super. 383, 534 A.2d 488 (1987) in support of his position. However, unlike our statute which does not define "trade or commerce," the Pennsylvania statute specifically defined "trade" and "commerce" as including "the advertising, offering for sale or distribution of any ... property, tangible or intangible, real, personal or mixed." 534 A.2d at 492. (Emphasis in original).