ON MOTION FOR REHEARING/CLARIFICATION

HAZOURI, J.
We deny the motion for rehearing and grant the motion for clarification. We withdraw our previously issued opinion and substitute the following in its place.
Ocean Enterprises, Inc. (appellee), filed suit against Linda Mesa and TAN, Inc. (appellants), for diversion of its funds. Before appellants filed their answer denying the allegations and a counterclaim against appellee, appellants filed a timely offer of judgment in the amount of $300 pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (1993). The matter proceeded to trial and resulted in a final judgment against appellee on its claims and against appellants on their counterclaim. The trial court retained jurisdiction for determination of entitlement to attorney’s fees and costs. Appellants filed their motion for attorney’s fees and costs pursuant to section 768.79.
At the hearing on the motion, there was a stipulation that the fees incurred by appellants from the date of the offer of judgment were $12,051. Appellee argued that appellants were not entitled to their fees because the offer was for a nominal amount and, therefore, was not made in good faith. After hearing the parties’ arguments, the trial court summarily denied appellants’ motion. The trial court did not find that the offer was not made in good faith but merely declined to award attorney’s fees.[1] Appellants timely filed this appeal of the order denying their motion for attorney’s fees.
Section 768.79, Florida Statutes (1993), provides in pertinent part:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by him ... from the date of filing of the offer if the judgment is one of no liability ...
[[Image here]]
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney’s fees.
Thus, once an offer has been filed by a defendant and a judgment is one of no liability by the defendant, the defendant has the right to an award of attorney’s *910 fees. The sole basis on which a court can disallow an entitlement to an award of fees is if it determines that a qualifying offer was not made in good faith. Schmidt v. Fortner, 629 So.2d 1036, 1038 (Fla. 4th DCA 1993), approved by TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 613 (Fla.1995).
We find that appellants met the statutory requirements entitling them to their attorney’s fees. As the trial court made no finding that appellants’ offer was not made in good faith, the trial court was required to enter an order awarding appellants their attorney’s fees. We reverse and remand for entry of an order awarding appellants their attorney’s fees in the stipulated amount.
REVERSED and REMANDED.
STONE and FARMER, JJ., concur.

. The trial court stated:
But I think I told everybody that they ought to go home and forget the whole thing and get on about their lives. And I still think that.
The only question I have is how do I get to that point legally? I guess the simple thing to do, I’ll deny the Plaintiff’s claim for fees; I’ll deny the defendant’s claim for fees. Everybody go on about your business.