813 So.2d 1013 (2002)
FLORIDA GAS TRANSMISSION COMPANY, a Delaware corporation, Appellant,
v.
LAUDERDALE SAND & FILL, INC., a Florida corporation, and Robert Elmore, Appellees.
No. 4D01-2414.
District Court of Appeal of Florida, Fourth District.
April 3, 2002.
Rehearing Denied May 8, 2002.
*1014 Michael L. Rosen and David M. Corry of Bricklemyer, Smolker & Bolves, P.A., Tampa, for appellant.
Brian C. Deuschle of Brian C. Deuschle, Chartered, Fort Lauderdale, for appellee Robert Elmore.
SHAHOOD, J.
The broad issue presented in this case is whether a defendant who obtains a judgment of no liability is entitled to attorney's fees pursuant to section 768.79, Florida Statutes. The narrower issue is whether amounts received in settlement with other co-defendants may be considered collateral source payments in calculating whether the judgment obtained was twenty five percent less than the offer of judgment.
Appellees, Lauderdale Sand & Fill, Inc. (Lauderdale Sand) and Robert Elmore (Elmore), filed suit against appellant, Florida Gas Transmission Company (Florida Gas), and other defendants who ultimately settled their portions of the lawsuit. Florida Gas made an offer of judgment, which was rejected. Thereafter, a jury found that Florida Gas was not liable for any of the damages incurred by Lauderdale Sand and Elmore.
Florida Gas then sought payment of its attorney's fees based on the rejected offer of judgment. The trial court, however, ruled that Florida Gas was not entitled to fees and struck the motion. In reaching such a conclusion, the trial court considered the settlement amounts received by appellees from the other defendants, and found that the "judgment obtained" was greater than twenty five percent of Florida Gas' offer. This was an incorrect interpretation of the offer of judgment statute.
Section 768.79(1), Florida Statutes (1993), states the following:
if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by him ... if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer,....
(emphasis added). We have consistently held that, pursuant to this statute, once an offer of judgment has been made and rejected and a judgment of no liability has been entered, the defendant has a right to an award of attorney's fees unless the offer was found to have been made in bad faith. See Mesa v. Ocean Enters., Inc., 803 So.2d 908 (Fla. 4th DCA 2002); Stofman v. World Marine Underwriters, Inc., 729 So.2d 959, 960 (Fla. 4th DCA 1999)(appellee/defendant was entitled to recover attorneys fees pursuant to offer of judgment where his offer was rejected and there was a judgment of no liability). In Winn Dixie Stores, Inc. v. Elbert, 590 So.2d 15, 16 (Fla. 4th DCA 1991), we agreed that a no liability judgment activates the offer of judgment statute because "a verdict awarding... nothing is certainly 25 percent less than the offer."
Thus, based on the no liability verdict, alone, the trial court should have found that Florida Gas was entitled to fees. It was not necessary for the court to also consider the effect of the settlement payments to appellees. Despite the verdict, *1015 however, based on the facts in this case and the allegations in the complaint, the settlement payments are not collateral sources and do not preclude Florida Gas' recovery of fees.
In calculating "judgments obtained" for purposes of a defendant's offer of judgment, it is proper to include as setoffs amounts recovered by the plaintiff in settlements with other defendants when the suits against all of the defendants involve the same claims. See generally Am-South Bank v. Fla. Dep't of Ins., 774 So.2d 747 (Fla. 1st DCA 2000). When a plaintiff has separate and distinct claims against more than one defendant, however, a setoff is inappropriate. See generally Safe-care Health Corp. v. Rimer, 620 So.2d 161 (Fla. 1993); Gordon v. Marvin M. Rosenberg, D.D.S., P.A., 654 So.2d 643 (Fla. 4th DCA 1995); see also C & S Chems., Inc. v. McDougald, 754 So.2d 795, 798 (Fla. 2d DCA), rev. denied, 773 So.2d 56 (Fla. 2000)(Rule 1.442, Florida Rules of Civil Procedure allows joint proposals for settlement, but requires them to "state the amount and terms attributable to each party." This is because defendants who are not jointly and severally liable have a right to evaluate demands for judgment "independently based on their individual liability situations.").
Here, the complaint alleged that Florida Gas failed to maintain, mark or properly install the Florida Gas pipeline which was placed on Elmore's property. Appellees sought damages in the amount of $100,000 and an injunction requiring Florida Gas to remove the pipeline and properly place it within the Florida Gas easement area. The claim against the other defendants concerned only their respective pipelines and easements, which were separately placed and maintained and did not relate to the Florida Gas pipeline and easement. Based on the complaint, then, it is clear that the claims against the co-defendants were separate and independent. Consequently, even in the absence of a no liability verdict, it would have been improper for the trial court to consider the payments received by appellees in settlement of the unrelated claims in ruling on Florida Gas' entitlement to attorney's fees under the offer of judgment statute.
Accordingly, we reverse and remand for the trial court to determine a reasonable fee.
REVERSED AND REMANDED.
GUNTHER and FARMER, JJ., concur.