867 So.2d 548 (2004)
Roland VINES, Appellant,
v.
James MATHIS and Bettye Mathis, Appellees.
No. 1D03-426.
District Court of Appeal of Florida, First District.
February 27, 2004.
Ross McCloy and Kevin D. Obos of Harrison, Sale, McCloy & Thompson, Chartered, Panama City, for Appellant.
Joseph A. Zarzaur, Jr., and Phil Hall, of McKenzie, Taylor & Zarzaur, P.A., Pensacola, for Appellees.
*549 KAHN, J.
Appellant, Roland Vines, appeals an order denying his motion for attorneys' fees and costs pursuant to section 768.79(1), Florida Statutes (2001). Because appellees, James and Bettye Mathis, refused Mr. Vines' offer of judgment and later failed to obtain a judgment against him, we reverse.
The Mathises sued Mr. Vines and Panama Country Club, Inc. (PCC) for injuries sustained by Mr. Mathis when he fell into a hole created by a leaking drainage pipe located in his yard. The Mathises alleged that Mr. Vines and PCC had negligently repaired the pipe. Prior to trial, Mr. Vines served separate offers of judgment on Mr. and Mrs. Mathis totaling $10,000. Post offer, Mr. and Mrs. Mathis settled with PCC for $60,000. The Mathises never accepted Mr. Vines' offer of judgment and they proceeded to jury trial on their claims. The jury found no liability as to Mr. Vines and the trial court entered a judgment accordingly.
Mr. Vines timely filed a motion seeking attorneys' fees and costs pursuant to section 768.79(1) which provides:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him ... from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer.
The trial court denied the motion. Relying upon the decision in Florida Gas Transmission Co. v. Lauderdale Sand & Fill, Inc., 813 So.2d 1013 (Fla. 4th DCA 2002), it concluded that the $60,000 that Mr. and Mrs. Mathis received from PCC should be considered in determining whether they received a judgment which was at least 25% less than Mr. Vines' offer of judgment. Mr. Vines argues that the trial court misapprehended both the offer of judgment statute and the Florida Gas decision. We agree.
The use of the disjunctive "or" in section 768.79(1) between the phrase "the judgment is one of no liability" and the phrase "the judgment obtained by the plaintiff is at least 25 percent less than such offer," indicates that no further analysis of the judgment need occur when a no liability judgment is entered. Absent a finding that Mr. Vines' offer of judgment was not made in good faith, the trial court's entry of a no liability judgment mandated an award of attorneys' fees and costs incurred after the date the offer was served. See Jordan v. Food Lion, Inc., 670 So.2d 138, 140 (Fla. 1st DCA 1996) (holding that section 768.79 "creates a mandatory right to attorney's fees" when a party has made an offer of judgment and the judgment entered against that party is at least 25% less than the offer). The $60,000 settlement between PCC and the Mathises did not affect Mr. Vines' entitlement to an award of fees and costs.
Under section 768.79, settlements with co-defendants need only be considered when those settlement amounts have been applied to offset a verdict against a non-settling defendant. Section 768.79(6) provides, in part, that "the term `judgment obtained' means the amount of the net judgment entered, plus any postoffer collateral source payments ..., plus any postoffer settlement amounts by which the verdict was reduced." (emphasis added). Here, there was no judgment against Mr. Vines which might have been reduced.
The Mathises' reliance upon Florida Gas is misplaced. That decision does not compel a different interpretation of section *550 768.79(1). There, Florida Gas appealed the denial of attorneys' fees after the trial court determined that settlement amounts from Florida Gas's co-defendants could be considered in determining the plaintiff's net judgment obtained. The Fourth District, however, reversed and held that "based on the no liability verdict, alone, the trial court should have found that Florida Gas was entitled to fees." Florida Gas, 813 So.2d at 1014.
Nevertheless, Mr. and Mrs. Mathis argue that because their claims against Mr. Vines and PCC were identical, the $60,000 received from PCC should be considered the net "judgment obtained" under section 768.79(1). They rely on dicta in Florida Gas which stated:
In calculating "judgments obtained" for purposes of a defendant's offer of judgment, it is proper to include as setoffs amounts recovered by the plaintiff in settlements with other defendants when the suits against all of the defendants involve the same claims. When a plaintiff has separate and distinct claims against more than one defendant, however, setoff is inappropriate.
Florida Gas, 813 So.2d at 1015 (citation omitted). This language, however, served only to illustrate that even if the plaintiff had obtained judgment against Florida Gas, the settlement amounts with other defendants should not have been considered because they arose from different claims. See generally § 768.041(2), Fla. Stat. (2001) (allowing for setoffs against judgments where co-defendants have settled "in partial satisfaction of the damages sued for"). The hypothetical nature of the court's comments in Florida Gas is revealed in the opinion's closing language which provides that "even in the absence of a no liability verdict, it would have been improper for the trial court to consider the payments received by appellees in settlement of the unrelated claims." Florida Gas, 813 So.2d at 1015. Mr. and Mrs. Mathis go astray by implicitly assuming that a no liability judgment is actually a net judgment for zero dollars, thus triggering the mechanism of section 768.79(6). We reject this assumption because section 768.79(1) is clear and unambiguous.
Consequently, we hold that entry of the no liability judgment in favor of Mr. Vines mandated an award of attorneys' fees and costs absent a finding that his offer of judgment was not made in good faith. We, therefore, REVERSE and REMAND for further proceedings consistent with this opinion.
BENTON and VAN NORTWICK, JJ., CONCUR.