# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-1031
Lower Tribunal No. 2021-CA-001001-000-00

_____

JEFFREY WAYNE MORRIS,

Appellant,

v.

RACHEL BOYER,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Dana Y. Moore, Judge.

March 8, 2024

TRAVER, C.J.

Jeffrey Wayne Morris appeals the trial court's final judgment for Rachael Boyer.[1] We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Because the trial court improperly entered final judgment and applied a setoff when Morris' proposal for settlement contemplated neither event, we reverse in part.[2]

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023. Although Morris' notice of appeal—and thus our case style—references Mrs. Boyer as "Rachel," her name is Rachael.

[2] We affirm without further discussion the trial court's determination that Morris' proposal for settlement to Mrs. Boyer was unambiguous.

This case arose from a car accident between Morris and Mrs. Boyer. She originally sued him but later dismissed the case. Before the dismissal, Morris countersued her and her husband, Mark Boyer. Mr. Boyer was not present when the accident happened, but Morris claimed that Mr. Boyer negligently entrusted the car to Mrs. Boyer and was therefore vicariously liable for his injuries.

Morris first served a proposal for settlement on Mr. Boyer for $50,000, in exchange for which he offered to discharge Mr. Boyer from the case. Mr. Boyer accepted and paid.

Morris next served a proposal for settlement for $49,500 on Mrs. Boyer. The non-monetary terms were the same; if Mrs. Boyer paid, Morris would discharge her from the case. She agreed via a "notice of acceptance," in which she argued that she should not have to pay Morris anything because he had already received full payment for his injuries from Mr. Boyer. Stated differently, Mrs. Boyer claimed that because Morris would not have been entitled to recover from both her and Mr. Boyer for the same injuries, she was entitled to a setoff of $49,500 from the $50,000 Morris had already received.[3] Morris disagreed and moved to enforce settlement, seeking full payment from Mrs. Boyer.

---

[3] Both below and on appeal, the parties have characterized Mrs. Boyer's actions as an unequivocal acceptance of Morris' offer. Mrs. Boyer insists that her refusal to pay Morris anything is only a legal consequence of the trial court's entry of judgment in her favor. We therefore do not address whether Mrs. Boyer's actions were anything other than an unequivocal acceptance of Morris' offer.

Meanwhile, Mr. Boyer also moved to enforce settlement. He argued that Morris had not upheld his agreement to dismiss him from the case following the $50,000 payment. Further, Mr. Boyer moved to change case style, asking the trial court to drop him from the proceeding. In response, Morris voluntarily dismissed Mr. Boyer.

The trial court conducted a hearing on Mr. Boyer's motion to change case style and Morris' motion to enforce settlement. First, the trial court granted Mr. Boyer's motion to change the case style, which Morris did not oppose. Second, the trial court denied Morris' motion to enforce settlement. Instead, it ruled that Mrs. Boyer accepted Morris' proposal for settlement, and setoff applied "as a matter of law." The trial court then entered final judgment in Mrs. Boyer's favor and ruled that Morris was entitled to "no further recovery." This was error.

Accepted proposals for settlement are contracts, and we review their formation de novo. *Hass Automation, Inc. v. Fox*, 243 So. 3d 1017, 1025 n.14 (Fla. 3d DCA 2018); *see Suarez Trucking FL Corp. v. Souders*, 350 So. 3d 38, 43 (Fla. 2022) ("Nothing in section 768.79 or rule 1.442 is at odds with the[] basic rules of contract law regarding offer and acceptance and mutual assent. . . . When the statute refers to 'offer' and 'acceptance,' the statute speaks the language of contract."). Proposals for settlement are governed substantively by statute and procedurally by rule. *See* § 768.79, Fla. Stat. (2022); Fla. R. Civ. P. 1.442. Neither contemplates the

3

entry of a final judgment following the acceptance of a proposal for settlement.[4] *Cf.* Fed. R. Civ. P. 68(a) (requiring clerk to enter judgment when "party defending against a claim" accepts "offer to allow judgment").

Instead, section 768.79(2) provides that an offer made under the statute "shall be construed as including all damages which may be awarded in a final judgment." The acceptance of such an offer "terminate[s] all claims, end[s] disputes, and obviate[s] the need for further intervention of the judicial process . . . unless the contract of settlement specifies otherwise." *MGR Equip. Corp. v. Wilson Ice Enters., Inc.*, 731 So. 2d 1262, 1264 (Fla. 1999) (quoting *Unicare Health Facilities, Inc. v. Mort*, 553 So. 2d 159, 161 (Fla. 1989)); *see also Abbott & Purdy Grp., Inc. v. Bell*, 738 So. 2d 1024, 1025 (Fla. 4th DCA 1999) ("We hold that unless the terms of settlement specifically provide for the entry of a judgment against the offeror, a trial court lacks authority to enter a final judgment where the offeror is willing to proceed with payment and conclusion of the settlement.").

Rule 1.442(c)(2)(B) requires a proposal for settlement to state that it "resolves all damages that would otherwise be awarded in a final judgment in the action in

---

[4] While section 768.79(1)–(2) references "offer[s] of judgment" and "offer[s] of settlement," rule 1.442 discusses "proposals for settlement." The rule dictates that these terms apply synonymously. *See* Fla. R. Civ. P. 1.442(a) ("This rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule.").

which the proposal is served." It also mandates a proposal for settlement "exclude nonmonetary terms, with the exception of a voluntary dismissal of all claims with prejudice and any other nonmonetary terms permitted by statute." *See* Fla. R. Civ. P. 1.442(c)(2)(C).

Morris' proposal for settlement to Mrs. Boyer—the driver of the car involved in the accident—complied with these requirements and did not contemplate the entry of final judgment against her. *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1152 (11th Cir. 2008) (applying Florida law, and treating documents entitled "offer of judgment" as offers of settlement because "neither offer provided for an entry of judgment"). Instead, it offered her discharge from the case in exchange for payment. This is the same relief on which Mr. Boyer—the vicariously liable party uninvolved in the accident—insisted after he accepted Morris' proposal for settlement, despite Morris' initial failure to provide it. The trial court had no legal basis to enter a judgment in Mrs. Boyer's favor after she accepted Morris' proposal for settlement.[5] Relatedly, the trial court lacked power to apply a post-judgment setoff because the

---

[5] None of the cases Mrs. Boyer cited below or on appeal involve an accepted proposal for settlement, and only one concerns a proposal for settlement at all. *See Fla. Gas Transmission Co. v. Lauderdale Sand & Fill, Inc.*, 813 So. 2d 1013, 1015 (Fla. 4th DCA 2002). In *Florida Gas Transmission Co.*, the court addressed a *rejected* proposal for settlement, an ensuing judgment in the offeror's favor, and the offeror's post-judgment motion for attorney's fees. *Id.* (declining to apply setoff because "judgment obtained" by offeror defendant was for no liability). That situation is not relevant here.

5

proposal for settlement did not include this nonmonetary term. We therefore reverse and remand, directing the trial court to vacate the judgment entered in Mrs. Boyer's favor. If necessary, it should enforce the parties' agreement for Mrs. Boyer to pay Morris $49,500 in exchange for her dismissal from the case.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

NARDELLA and SMITH, JJ., concur.

Lydia Sturgis Zbrzeznj and Nicholas T. Zbrzeznj, of Southern Atlantic Law Group, PLLC, Winter Haven, for Appellant.

Gabriella Lopez and Raymond A. Haas, of HD Law Partners, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED