DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLOSE CONSTRUCTION, LLC,**
Appellant/Cross-Appellee,

v.

**CITY OF RIVIERA BEACH UTILITY SPECIAL DISTRICT,**
Appellee/Cross-Appellant, and

**C-SOLUTIONS, INC.,** and **MARK DRUMMOND,**
Appellees.

No. 4D2023-0051

[June 5, 2024]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502016CA013117A.

Kimberly A. Ashby of Foley & Lardner LLP, Orlando, for appellant/cross-appellee.

Amy L. Fischer and F. Malcolm Cunningham, Jr., of The Cunningham Law Firm, P.A., West Palm Beach, for appellee/cross-appellant City of Riviera Beach Utility Special District.

Michael R. D'Lugo of Wicker Smith O'Hara McCoy & Ford, P.A., Orlando, for appellees C Solutions, Inc. and Mark Drummond.

KLINGENSMITH, C.J.

Appellant/cross-appellee Close Construction, LLC, entered into a construction contract with appellee/cross-appellant City of Riviera Beach Utility Special District to replace or rehabilitate lift stations ("the Project"). Close hired Hartford Fire Insurance Company ("Surety") to be a surety for the Project.

After the District terminated the contract, Close and the District brought claims against one another stemming from alleged breaches of that contract. A jury found that all parties to the suit, except the District, were negligent, and that both Close and the District had breached the

contract.[1]  The trial court then entered a final judgment against Close, awarding the District $1,917,480 in damages resulting from Close's breach.

The parties raise numerous points on appeal from a case that the trial court had observed was "over-litigated to a degree that is beyond ridiculous."  We affirm on all issues without comment except for one: whether the trial court erred in denying Close's motion for a setoff from the judgment due to a settlement between the District and Surety.  On that issue, we reverse.

The contract required Close to obtain a public construction bond prior to starting the Project, which Close obtained from Surety.  Under the bond and the contract's bid form, Close and Surety were jointly and severally liable for any damages caused by Close's breach of the contract.  Following Close's termination, the District sought coverage for its losses from Surety, which hired another company to complete the Project and settled with the District under its bond for $1,000,000.

Because of this settlement, Close moved for a post-verdict setoff in the amount paid by Surety to the District.  Close argued it was entitled to the setoff because: (1) the settlement covered the same damages that the jury assessed against Close for its breach of contract, and (2) Surety was jointly and severally liable with Close for those damages.  Close also asserted that, without the setoff, the District would obtain a double recovery.

The District responded that Close was not entitled to a setoff because, among other things: (1) the settlement agreement precluded Close from claiming a setoff; (2) section 46.015(2), Florida Statutes (2022), did not apply because a bond action was never filed and Surety was never a litigant in the breach of contract action; and (3) the settlement was for damages under the performance bond, not for damages the jury found were occasioned by Close's breach.

"Whether the trial court awarded a proper [setoff] is a pure question of law reviewed *de novo*, and 'no deference is given to the judgment of the lower courts.'" *Cornerstone SMR, Inc. v. Bank of Am., N.A.*, 163 So. 3d 565,

---

[1] Appellees Mark Drummond and his company, C-Solutions, Inc., were hired by the District to oversee the Project.  The jury found that Drummond and C-Solutions negligently handled and administered the Project.  However, the trial court entered a directed verdict in their favor after the verdict, and we affirm that ruling without discussion.

568 (Fla. 4th DCA 2015) (quoting *D'Angelo v. Fitzmaurice*, 863 So. 2d 311, 314 (Fla. 2003)).

Setoffs in contract claims are governed by section 46.015(2), which provides that if a plaintiff has released "any person in partial satisfaction of the damages sued for, the court shall [setoff] this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment." *Addison Constr. Corp. v. Vecellio*, 240 So. 3d 757, 764 (Fla. 4th DCA 2018) (quoting § 46.015(2), Fla. Stat. (2015)). The setoff statute intends to prohibit plaintiffs from getting double recoveries. *Id.* (citing *Cornerstone*, 163 So. 3d at 569).

A setoff requires that settling and non-settling parties be jointly and severally liable. *Am. Prime Title Servs., LLC v. Wang*, 317 So. 3d 1183, 1186 (Fla. 3d DCA 2021) (quoting *McCalla v. E.C. Kenyon Constr. Co, Inc.*, 183 So. 3d 1192, 1197 (Fla. 1st DCA 2016)). The settled damages must also be the same damages for which the setoff is sought; stated differently, a setoff is not proper where the trial damages to be setoff are separate and distinct from the settled damages. *D'Angelo*, 863 So. 2d at 314-15 (citing *Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc.*, 659 So. 2d 249, 253 (Fla. 1995)); *Centex-Rooney Constr. Co. v. Martin Cnty.*, 706 So. 2d 20, 29 (Fla. 4th DCA 1997) (first citing *Raben Builders, Inc. v. First Am. Bank & Tr. Co.*, 561 So. 2d 1229, 1231 (Fla. 4th DCA 1990); and then citing *Kingswharf, Ltd. v. Kranz*, 545 So. 2d 276, 278 (Fla. 3d DCA 1989)); *Fla. Gas Transmission Co. v. Lauderdale Sand & Fill, Inc.*, 813 So. 2d 1013, 1015 (Fla. 4th DCA 2002).

Here, both criteria are met. The contract's bid form and the bond state that Close and Surety were jointly and severally liable for damages caused by Close's breach of the contract. Further, the bond expressly states that Surety guaranteed Close would perform the contract and pay the District "all losses, damages (including liquidated damages), expenses, costs, and attorneys' fees, including appellate proceedings, that [the] District sustains because of a default by [Close] under the contract." Under those terms, it is clear that Close and Surety were jointly and severally liable. *See DCC Constructors, Inc. v. Randall Mech., Inc.*, 791 So. 2d 575, 576 (Fla. 5th DCA 2001) ("[A] surety's liability on a bond is determined strictly from the terms and conditions of the bond agreement.").

Additionally, the District sought to recover the same damages from both Close and Surety. The settlement agreement explicitly stated that it arose because the District called upon Surety to "reimburse [the District] for all of its losses and expenses related to the termination of Close's contract and completion of Close's work." In exchange for releasing each other for

any claims related to the bond, Surety paid the District $1,000,000. These are the exact same damages that the District sued Close to recover.

The District argues that Surety's payment does not fall within section 46.015(2)'s "sued for" language because the District did not sue Surety on the bond and Surety never became a defendant in the breach of contract action. We find this argument meritless. The "damages sued for," i.e., the damages which the District sought in its litigation against Close, are the same damages covered by the District's settlement with Surety. Those damages are the same regardless of whether the District sued Surety.

Contrary to the District's argument, the setoff statute applies where a plaintiff releases "any person"—the statute is not limited to only litigants. § 46.015(2), Fla. Stat. (2022). Requiring a lawsuit to be filed as a prerequisite to a setoff would allow a suing party to recover twice by electing not to sue every party or by simply obtaining pre-litigation settlements. Here, the damages sought are the same whether the District brought a bond action against Surety or a breach of contract suit against Close. The District recovers from Surety only because it stands in Close's shoes under the bond's terms as a payment source for any damage caused by Close's breach of contract. In other words, Surety is liable only if Close is liable too. *See Crabtree v. Aetna Cas. & Sur. Co.*, 438 So. 2d 102, 105 (Fla. 1st DCA 1983).

In sum, the District's settlement with Surety for the amount of the performance bond resulted from Close's breach of the contract. Surety and Close were jointly and severally liable for the damages caused by Close's breach under the bond's terms. When the District obtained a verdict for damages caused by Close's breach, the District was recovering for the same damages already covered by the settlement with Surety. The District cannot recover from both Close and Surety for the exact same damages for which the two were jointly and severally liable.

We reverse the trial court's order denying Close's motion for a setoff and remand for entry of an amended final judgment reflecting a setoff in the amount paid by Surety under its settlement with the District. We affirm on all other issues raised.

*Affirmed in part, reversed in part, and remanded.*

MAY and KUNTZ, JJ., concur.

\*　　　\*　　　\*

4

*Not final until disposition of timely filed motion for rehearing.*