639 So.2d 58 (1994)
Marie DVORAK, Appellant,
v.
TGI FRIDAY'S INC., a New York corporation, d/b/a TGI Friday's, Appellee.
No. 91-3569.
District Court of Appeal of Florida, Fourth District.
April 27, 1994.
*59 Dan Cytryn of Law Offices Dan Cytryn, P.A., Lauderhill, for appellant.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., and John B. Marion, IV of Sellars, Supran, Cole & Marion, P.A., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
KLEIN, Judge.
The opinion of this court filed on March 9, 1994 is withdrawn and the following opinion is substituted. Appellant's and appellee's motions for rehearing, considered in light of this substituted opinion, are denied.
Appellant plaintiff sued defendant as a result of a slip and fall in defendant's restaurant on April 2, 1987 in which she broke her hip. She served three different offers of judgment, one under section 45.061, Florida Statutes (1987), one under section 768.79(1)(a), Florida Statutes (1987), and one under Fla.R.Civ.P. 1.442. The statutory offers were served in April 1989 and the rule 1.442 offer was served on January 2, 1990. The offers ranged from $55,000 to $69,750. Defendant rejected the offers and the jury returned a verdict of $248,000. The trial court refused to award attorney's fees pursuant to the offers of judgment and plaintiff appeals. We reverse the denial of attorney's fees under section 768.79, but affirm denial under section 45.061 and rule 1.442.
At the time the trial court ruled on the offers of judgment in November 1991, the supreme court had not yet decided Leapai v. Milton, 595 So.2d 12 (Fla. 1992), in which it held that section 45.061, was not unconstitutional as infringing on the exclusive rule-making authority of the supreme court. In this case the trial court held that both statutes were unconstitutional as invading the rule-making authority of the supreme court, and that rule 1.442 did not apply retroactively to this case.[1] The court also concluded, after an evidentiary hearing, that the offer had not been unreasonably rejected by defendant, and denied attorney's fees under both statutes and the rule for that reason as well.
Although the supreme court in Leapai decided only the constitutionality of section 45.061, it follows that section 768.79 is also constitutional. We can find no distinction between these two similar statutes which would cause section 768.79 to unconstitutionally infringe on the rulemaking power of the Florida Supreme Court, when section 45.061 does not.
Plaintiff also argues that the court erred in its alternative finding that plaintiff's offers were not unreasonably rejected by defendant, and that plaintiff was not entitled to attorney's fees for that reason as well.
In Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993), this court analyzed section 768.79 and pointed out that the unreasonable rejection language, while appearing in section 45.061, does not appear in section 768.79. As this court noted, section 768.79 does not give the trial court discretion to deny attorney's fees, once the prerequisites of the statute have been fulfilled, except if the court determines under section 768.79(7)(a) that "an offer was not made in good faith."
In the present case the trial court made no finding that plaintiff's offer to settle under section 768.79 was not made in good faith, nor did defendant make that contention. We therefore conclude, as this court *60 did in Schmidt, that the trial court had no discretion to deny attorney's fees as a result of the offer of judgment under section 768.79. We also, as this court did in Schmidt, certify conflict with Bridges v. Newton, 556 So.2d 1170 (Fla. 3d DCA 1990).
The trial court's finding that there was not an unreasonable rejection of the offer by the defendant does, however, provide a proper basis for his conclusion that attorney's fees would not be awarded as a result of the offers of judgment under rule 1.442 and section 45.061. Section 45.061(2) provided that a court "may" award attorney's fees if the court determines that an offer of judgment was "rejected unreasonably." The same language was used in rule 1.442.[2]
Plaintiff also argues that there was no evidence in the record from which the trial court could have determined that the defendant had not unreasonably rejected the offers. At the post-trial hearing on the offers of judgment plaintiff presented an expert witness, a trial attorney, who gave his opinion that the defendant had unreasonably rejected plaintiff's offer. Defendant did not present the testimony of an expert, but instead argued that the trial court's familiarity with the case and observation of the evidence at trial reflected that the plaintiff had a difficult case of liability. Defendant argues that this was sufficient to support the trial court's conclusion that the statutory presumption of unreasonable rejection, if the judgment is 25% greater than the offer, was overcome.
We conclude that it was perfectly proper for the defendant to have relied on the trial court's familiarity with the case, and that it was not necessary for the defendant to put on an expert witness to testify about whether there was an unreasonable rejection. Requiring expert testimony as to whether offers were unreasonably rejected or not in good faith would produce more litigation when the very purpose of the offer of judgment is to "deter unnecessary litigation." See The Florida Bar re Amendment to Rules, 550 So.2d 442 (Fla. 1989).
Since plaintiff has failed to demonstrate that the trial court erred as a matter of law in concluding that the defendant had not unreasonably rejected the offers, we affirm the denial of attorney's fees under rule 1.442 and section 45.061. We reverse the denial of attorney's fees under section 768.79.
DELL, C.J., and ANSTEAD, J., concur.
NOTES
[1] Since rule 1.442 became effective January 1, 1990, and the offer of judgment under the rule was served the following day, the rule was applicable without being applied retroactively. In Leapai the court held, in regard to the issue of retroactivity of section 45.061, that if the statute was adopted before the rejection of the offer, it was applicable to the rejection of the offer. We conclude that the same reasoning would apply to rule 1.442.
[2] In Timmons v. Combs, 608 So.2d 1 (Fla. 1992), the supreme court adopted an amended version of section 768.79 as rule 1.442.