POLEN, Judge.
Ana Salinas Mateo (“Mateo”) timely appeals from a post-trial order striking two demands for judgment she had served upon Gina and Georgina Rubiales (the “Rubiales-es”). Mateo claims that the trial court erred in striking her October, 1995 joint demand as premature under a retroactive application of Florida Rule of Civil Procedure 1.442 (Supp. 1996), and in striking her August, 1996 joint demand because the court was unclear as to which of the many demands served would settle the case. Our disposition as to the second demand renders moot the propriety of the striking of the first demand. We, therefore, limit our discussion to the striking of the latter demand.
In October, 1995, Mateo served three demands for judgment, pursuant to section 768.79, Florida Statutes (1995), upon the Rubialeses, simultaneously with serving her complaint alleging negligence. Two of these demands were served upon each of the Rub-ialeses individually, and one upon them jointly, all three in the amount of $15,000. They were all rejected. In August, 1996, she served three additional demands for judgment, one each upon each of the Rubialeses individually, and one upon them jointly as before, but this time they were all in the amount of $10,000. They also were rejected. Other demands were served, but were later withdrawn, and are not at issue in this appeal.
Mateo prevailed in her jury trial and was awarded $18,778.80. She then filed the October, 1995 joint demand for judgment, as well as the August, 1996 joint demand. The Rub-ialeses timely moved to strike both demands, but did not set a hearing on those motions until after trial. The court granted the motions, striking the October, 1995 demand “on the fact that it was filed with the complaint,” and the August, 1996 demand based “on multiple judgments, and we cannot determine which one would settle the case.” Mateo then appealed.
It is undisputed that Mateo met the statutory requirements for an award of attorney’s fees under section 768.79 by obtaining a net judgment that was more than 25% greater than any of the demands. After the prerequisites of section 768.79 are met, an award of attorney’s fees may be denied only upon a finding of “bad faith” on the part of the demanding party. Knealing v. Puleo, 675 So.2d 593 (Fla.1996); Dvorak v. TGI Friday’s, Inc., 639 So.2d 58 (Fla. 4th DCA 1994), rev. granted, 654 So.2d 131 (Fla.), and approved, 663 So.2d 606 (Fla.1995); Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993). In other words, section 768.79 does not give the trial court discretion to deny attorney’s fees once the prerequisites of the statute have been fulfilled, except where the court determines, under section 768.79(7)(a), that *135 “an offer was not made in good faith.” Dvorak, 639 So.2d at 59.
Although the trial court did not find that Mateo’s August 1996 demands were made in bad faith, the Rubialeses posit that such finding may be inferred because they were confused, as was the trial court, as to which of the three demands was designed to promote settlement. We find this argument problematic in light of the instant facts. At oral argument in this matter, the Rubialeses conceded that they never tried to call Mateo to clarify such confusion upon receipt of the demands, but rather, simply filed a motion to strike in response. Moreover, they waited until after trial to set the hearing on their motion. Had they made the call or set the hearing prior to trial, Mateo would have had the opportunity to timely rectify whatever defect, if any, existed in the demands.
In any event, the record at bar does not reflect that the court ever made a specific finding of bad faith, and it is not our task to make such a finding for the first time on appeal. See Beyel Bros. Crane and Rigging Co. of South Florida, Inc. v. Ace Transp., Inc., 664 So.2d 62, 64-65 (Fla. 4th DCA 1995). Accordingly, we reverse and remand this case for the trial court to reinstate the August 1996 demand and award the appropriate attorney’s fees to Mateo.
REVERSED and REMANDED.
WEINSTEIN, PETER, Associate Judge, concurs.
GUNTHER, J., concurs in part and dissents in part with opinion.