972 So.2d 258 (2008)
Dwight Johannes DOWNS, Appellant/Appellee,
v.
COASTAL SYSTEMS INTERNATIONAL, INC., Appellee/Appellant.
Nos. 3D06-2329, 3D06-102.
District Court of Appeal of Florida, Third District.
January 2, 2008.
*259 Austin Carr, Coral Gables; Robert S. Glazier, Miami, for appellant/appellee, Dwight Johannes Downs.
Steven P. Befera and Peterson Bernard, for appellee/appellant, Coastal Systems International, Inc.
Before COPE, RAMIREZ and SUAREZ, JJ.
RAMIREZ, J.
Dwight Johannes Downs appeals the trial court's order granting appellee Coastal Systems International Inc.'s ("Coastal Systems") motion for final summary judgment, and Coastal Systems appeals the trial court's order denying in part its Motion to Tax Costs and Attorney's Fees. We affirm the entry of final summary judgment in Coastal Systems' favor, but reverse the denial of its entitlement to attorney's fees because Coastal Systems made its proposal for settlement in good faith.
In April of 2003, Downs took a shallow dive in a Miami Beach swimming area and hit his head on a submerged rock. This tragic dive rendered Downs a quadriplegic. Downs thereafter filed a negligence action against several defendants, including Coastal Systems. He alleged that Coastal Systems had a duty to warn Miami-Dade County about the hazards submerged rocks posed to bathers. This alleged duty *260 was based upon an existing contractual relationship between Miami-Dade County Department of Environmental Resource Management ("DERM") and Coastal Systems.
Section II of the October 3, 1995 contract between Coastal Systems and DERM required Coastal Systems to provide the following professional services to DERM:
A. Survey or evaluate prospective work sites and develop conceptual designs, permit applications, and construction plans for large scale or complex enhancement projects. . . .
B. Assist in the preparation of studies, reports, models, or GIS and other data analysis related to major environmental issues. . . .
C. Prepare construction plans and specifications for new projects which are relatively small in scope. . . .
D. Construction observation and/or administration services as necessary.
Coastal Systems in turn contracted with the United States Army Corps of Engineers, Jacksonville District ("USACE"), for the preparation of reports on the same subject matter. Coastal Systems produced reports pursuant to this contract.
In Coastal Systems' March 2000 report prepared for DERM and the City of Miami Beach, Coastal Systems conducted a coastal engineering analysis in which it described its intent, purpose and scope. Coastal Systems was to evaluate "solutions for controlling the erosion" in designated "hot spots" areas of Miami Beach. The purpose and scope of the analysis included the incorporation of "theory, numerical models, and engineering experience"; the investigation of the "processes creating the increased erosion" in these designated areas; and the evaluation of "solutions to control the shoreline retreat."
Coastal Systems moved to dismiss the complaint, arguing the absence of a duty owed by Coastal Systems to Downs; and the absence of allegations of causation or a breach of a duty. The court granted the motion. In its Amended Complaint, Downs alleged that Coastal Systems owed a general, professional, and ethical duty to Miami-Dade County. Coastal Systems moved to dismiss the Amended Complaint. The court denied the motion.
On February 8, 2005, Coastal Systems served Downs with a Proposal for Settlement in the amount of $5,001.00. Downs filed a Second Amended Complaint for Damages, adding Miami-Dade County and Construction Aggregates Corporation as defendants, but maintaining its claim against Coastal Systems in count III of that complaint. Downs included the allegation that Coastal Systems:
[H]aving actual or constructive knowledge of the dangerous conditions to swimmers, and having been asked by the County to review the condition of the erosion of the beach, had a general duty, independent from any professional duty and a duty not requiring any specific skills or qualifications, to advise the County of the dangerous conditions that had been previously reported in the literature upon which Coastal Systems relied in its study of erosion and in drafting its reports. . . .
Coastal Systems filed its Answer and Affirmative Defenses to Downs' Second Amended Complaint. Coastal Systems thereafter filed its Motion for Final Summary Judgment. The trial court granted Coastal System's motion, finding that it did not have a duty in connection with its contractual obligations to the City, Miami-Dade County, or to DERM.
After prevailing on the motion for summary judgment, Coastal Systems filed its Motion to Tax Costs and Attorney's Fees *261 on the grounds that it had previously served on Downs a proposal for settlement that had not been accepted within the requisite timeframe. The trial court held that Coastal Systems was entitled to its costs from the date of the proposal for settlement, but it denied Coastal Systems' entitlement to attorney's fees on the grounds that the offer was not made in good faith.

Entitlement to Summary Final Judgment
We agree with the trial court that Coastal Systems was entitled to summary final judgment on the claims Downs raised in count III of his second amended complaint. As a threshold matter, Downs must first establish that Coastal Systems owed him a duty to inform him of the existence of submerged rocks in the beach area where he sustained his injuries. See, e.g., Meeks v. Fla. Power & Light, 816 So.2d 1125, 1128 (Fla. 5th DCA 2002). Downs has failed to do so.
Nowhere in the record before us is there a contractual requirement on the part of Coastal Systems to inspect the beach areas for any potentially hazardous rocks and inform anyone of such potential hazards. The contract between Coastal Systems and DERM does not include this duty upon which Downs relies. The contract indicates, for example, that Coastal Systems was to develop plans aimed at the enhancement of the coastline. This included the development of conceptual designs and construction plans, and assistance in the preparation of studies, reports, and models. The reports Coastal Systems produced pursuant to its contractual obligations, namely the March 2000 report, also do not create a contractual duty on Coastal Systems to inform anyone of any potential hazards.
There is likewise no common law tort duty upon which Downs could recover against Coastal Systems. A legal duty arises whenever a human endeavor creates a foreseeable risk of harm. See Owens v. Publix, 802 So.2d 315, 331 (Fla.2001). In light of the scope of the responsibilities DERM charged Coastal Systems, Coastal Systems could not have foreseen all of the potential hazards posed for swimmers. Downs thus cannot recover against Coastal Systems based upon a common law tort duty.

Entitlement to Attorney's Fees and Costs
The standard of review on this issue is whether the trial court abused its discretion. See Alexandre v. Meyer, 732 So.2d 44 (Fla. 4th DCA 1999). We conclude that the trial court abused its discretion when it denied Coastal Systems' entitlement to attorney's fees.
Section 768.79, Florida Statutes (2005), governs offers of judgment and demands for judgment, and provides in relevant part as follows:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability.
Florida Rule of Civil Procedure 1.442(h)(1) further provides that "[i]f a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such a case, the court may disallow an award of costs and attorneys' fees." But, absent a finding that a party's offer of judgment was not made in good faith, the trial court cannot disallow an entitlement to an award of fees. See Vines v. Mathis, 867 So.2d 548 *262 (Fla. 1st DCA 2004). When a court determines the existence or non-existence of good faith, the court must consider whether or not there was a reasonable basis for making the offer and an intent to settle the case. See Talbott v. Am. Isuzu Motors, Inc., 934 So.2d 643 (Fla. 2d DCA 2006).
In accordance with section 768.79, Florida Statutes (2005), Coastal Systems timely served its proposal for settlement on Downs. Downs argues that the evidence established that Coastal Systems' proposal for settlement was a nominal one that did not rest on a reasonable evaluation of both liability and damages. However, there is no evidence in the record that Coastal Systems faced liability for Downs' claims upon which to conclude that its proposal for settlement was necessarily inadequate. Indeed, Coastal Systems moved for summary judgment and prevailed. This fact supports the argument that Coastal Systems had a reasonable basis to have concluded that it had limited exposure and liability. See McMahan v. Toto, 311 F.3d 1077, 1083 (11th Cir.2002)(citing Levine v. Harris, 791 So.2d 1175, 1177 (Fla. 4th DCA 2001)). This conclusion was reasonably based notwithstanding that the case involved multiple defendants and the offer was made less than one year into the litigation.
Even nominal offers may be made in good faith. See Neptune Beach v. Smith, 740 So.2d 25, 27 (Fla. 1st DCA 1999) (stating that a nominal offer is not suspect merely because it is nominal). In Dep't of Highway Safety & Motor Vehicles v. Weinstein, 747 So.2d 1019, 1020 (Fla. 3d DCA 1999), reversing the trial judge's finding that a $1000.00 offer of judgment was not made "in good faith," we stated:
In our judgment, although the offer was essentially nominal, the record demonstrates conclusively that, at the time it was made, "the [offeror] . . . had a reasonable basis . . . to conclude that [its] exposure was nominal." Specifically, the defendant could reasonably believe, as it stated it did believe, either because of a late notice which would have precluded relief under section 768.79, or because its investigation revealed substantial evidence that its trooper had not, as alleged, been guilty of any causative negligence, or both, that it was not liable at all, so that the case was worth no more than a nuisance amount to settle. This factual conclusionthat there was a "reasonable foundation," or a "reasonable explanation," for the offer-equates to the legal conclusion that it was made in good faith under the statute and thus that the appellant is entitled to fees.
Id. (citations and emphasis omitted). Likewise, in view of the fact that Downs never pled a legal duty upon which to rest his tort claim, Coastal Systems could reasonably conclude that the case was worth no more than a nuisance amount to settle. Downs has thus failed to satisfy his burden, see Ryan v. Lobo De Gonzalez, 841 So.2d 510, 521 (Fla. 4th DCA 2003), to prove that Coastal Systems did not act in good faith when it offered to settle.

Conclusion
For these reasons, Downs can neither recover against Coastal Systems based upon a contractual duty nor one established in common law tort. We, therefore, affirm the entry of summary final judgment as a matter of law on count III of Downs' second amended complaint. However, we reverse the trial court's finding that Coastal Systems' settlement offer was not made in good faith and remand the case to determine reasonable attorney's fees.
Affirmed in part, reversed in part.