DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DFC TAMARAC, INC.,** d/b/a TAMARAC PRESCHOOL ACADEMY,
and **JOGE INVESTMENTS, INC.,**
Appellants,

v.

**FATOU N. JACKSON,** a minor, by and through her mother and
guardian, **COUMBA JACKSON,** individually,
Appellees.

No. 4D12-3065

[November 12, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 08-43433 CACE.

Pamela A. Chamberlin of Mitrani, Rynor, Adamsky & Toland, P.A., Miami Beach, and Elana B. Goodman of Mitrani, Rynor, Adamsky & Toland, P.A., Weston, for appellants.

Samuel Yeboah of Yeboah Law Offices P.A., Fort Lauderdale, for appellees.

KLINGENSMITH, J.

DFC Tamarac, Inc., d/b/a Tamarac Preschool Academy ("appellant") appeals the final order of the trial court denying its motion for attorney's fees and costs pursuant to section 57.041, Florida Statutes (2012), and section 768.79, Florida Statutes (2012). In the trial court's view, appellant's proposal for settlement was ambiguous as to the identity of the offeree because it did not apportion amounts offered to be paid for the child's claim as opposed to the mother's separate claim. We find no ambiguity in the identification of the offeree, and reverse.

This case arose after Fatou N. Jackson ("appellee") was injured while playing on the playground at Tamarac Preschool Academy. Appellee, a minor at the time of the injury, filed a claim with her mother, Coumba

Jackson ("the mother"), acting as guardian. The complaint described a single plaintiff, as follows "Plaintiff, FATOU N. JACKSON, a minor, by and through her mother and guardian, COUMBA JACKSON, individually." Each count in the initial complaint listed appellee as the one who suffered the consequences of appellant's alleged negligence, and for each count it was appellee that requested relief. The mother did not make any separate requests for relief, and the complaint confirms she merely appeared as guardian for appellee, not as a separate plaintiff.

While the case was pending, appellant served a proposal for settlement on appellee pursuant to section 768.79, Florida Statutes (2012), and Florida Rule of Civil Procedure 1.442 ("rule 1.442"). The proposal tracked the same language used by appellee in the complaint and stated that the offer was being made to "Plaintiff, FATOU N. JACKSON, a minor, by and through her mother and guardian, COUMBA JACKSON, individually." Appellee did not accept appellant's offer of settlement, and after the trial, the jury returned a verdict in favor of appellant. When appellant requested its fees pursuant to the proposal for settlement, the court found the proposal to be ambiguous and denied the motion. This appeal followed.

Appellant asserts that the trial court erred by holding that the identity of the offeree of its settlement proposal was ambiguous because according to the complaint, the causes of action set forth, and the request for damages solely on behalf of the minor, there was for all practical purposes only one plaintiff; namely, appellee. Since appellee was the sole plaintiff in this case, with the mother acting only as her guardian, appellant argues that there was no ambiguity as to the offeree, and therefore it was not required to apportion its settlement offer between appellee and the mother. We agree.

Where a defendant's settlement offer is rejected and the judgment obtained by the plaintiff is "at least 25 percent less than the amount of the offer, the defendant *shall* be awarded reasonable costs, including . . . attorney's fees . . . incurred from the date the offer was served." § 768.79(6)(a), Fla. Stat. (2012) (emphasis added). Thus, in such situations, a trial court does not have the discretion to refuse to award attorney's fees under section 768.79. *See id.*

In order for the offer to be valid, it must: "(a) Be in writing and state that it is being made pursuant to [section 768.79]. (b) Name the party making it and the party to whom it is being made. (c) State with particularity the amount offered to settle a claim for punitive damages, if

2

any. [And] (d) [s]tate its total amount." § 768.79(2)(a)–(d), Fla. Stat. (2012). Additionally, rule 1.442 states that:

> (1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
>
> (2) A proposal shall:
>    (A)  name the party or parties making the proposal and the party or parties to whom the proposal is being made;
>    (B)  state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
>    (C)  state with particularity any relevant conditions;
>    (D)  state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
>    (E)  state with particularity the amount proposed to settle a claim for punitive damages, if any;
>    (F)  state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
>    (G)  include a certificate of service in the form required by rule 1.080.

Fla. R. Civ. P. 1.442(c)(1)–(2).

This court has held that, "pursuant to [section 768.79], once an offer of judgment has been made and rejected and a judgment of no liability has been entered, the defendant has a right to an award of attorney's fees unless the offer was found to have been made in bad faith." *Fla. Gas Transmission Co. v. Lauderdale Sand & Fill, Inc.*, 813 So. 2d 1013, 1014 (Fla. 4th DCA 2002). Further, "a no liability judgment activates the offer of judgment statute because 'a verdict awarding . . . nothing is certainly 25 percent less than the offer.'" *Id.* (quoting *Winn Dixie Stores, Inc., v. Elbert*, 590 So. 2d 15, 16 (Fla. 4th DCA 1991)).

It is clear from the record that appellant satisfied the requirements for offering a settlement proposal set forth in section 768.79 and rule 1.442, and that appellee rejected the proposal. It is also clear that that the jury found no liability on appellant's part, and that such verdicts trigger section 768.79. *See id.* at 1014.

The record further reflects that the trial court denied appellant's request for attorney's fees pursuant to section 768.79 because of ambiguity as to whether appellee or the mother was the offeree, and for failure to apportion the amount of the settlement between them. The trial court based this alleged ambiguity upon its belief that there were two plaintiffs in the underlying action. It is true that there was some confusion throughout the case as to whether or not appellee was the sole plaintiff with the mother as guardian, or whether appellee and the mother were both plaintiffs. However, it is clear from the complaint that it was the former.

Appellant used the exact same language from the complaint in the proposal for settlement. As such, the proposal of settlement was not ambiguous in its offer of settlement to appellee, and appellant was not required to apportion the settlement offer between appellee and the mother. The trial court erred in denying appellant's motion for attorney's fees, and we reverse the trial court's decision and remand with instructions to award appropriate attorney's fees to appellant. We affirm the court's denial of fees to appellant's co-defendant Joge Investments, Inc. because it was not a party to the proposal for settlement, and thus was not entitled to request attorney's fees pursuant to section 768.79 and rule 1.442. § 768.79(2)(b), Fla. Stat. (2012); Fla. R. Civ. P. 1.442 (c)(2)(A).

*Affirmed in part, Reversed in part, and Remanded.*

GERBER and LEVINE, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***