LAGOA, J.
Key West Seaside, LLC, (“Seaside”) appeals from an order denying its motion for attorney’s fees and costs pursuant to the offer of judgment statute, section 768.79, Florida Statutes (2010), and Florida Rule of Civil Procedure 1.442. Because a final judgment of no liability was entered in favor of Seaside, and because the trial court made no finding that Seaside’s offer of judgment was not made in good faith, we reverse and remand with instructions to determine reasonable attorney’s fees.
I. FACTUAL AND PROCEDURAL HISTORY
Certified Lower Keys Plumbing, Inc., (“Certified”) was the subcontractor on a condominium project owned by Seaside. Certified sued the following five defendants: (1) Seaside; (2) Current Builders of Fla., Inc., the general contractor; (3) Travelers Casualty and Surety Company of America, Inc., the surety; (4) CB Development; and (5) Michael Taylor, the president of Current Builders of Fla., Inc. One law firm represented all the defendants.
*720 During the course of the litigation, each of the five defendants served an offer of judgment on Certified, none of which were accepted. Following trial, the trial court entered judgment against the general contractor. A judgment of no liability, however, was entered against Seaside. Specifically, the trial court ruled that “[jjudgment is hereby rendered in favor of Defendant KEY WEST SEASIDE, LLC on the basis that the lien was transferred to the bond of Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and that Defendant KEY WEST SEASIDE, LLC, made payment in full to Defendant CURRENT BUILDERS OF FLA. INC.”
Seaside subsequently moved for attorney’s fees and costs under the offer of judgment statute and rule. The trial court denied the motion, basing its ruling in part on the testimony of Seaside’s attorney, Vincent Vaccarella, that the attorney’s fees “were billed to and paid by or on behalf of Current Builders of Fla., Inc.,” (“Current Builders”) pursuant to an indemnification agreement between Seaside and Current Builders. The trial court also based its denial of fees on “the fact that Attorney Vaccarella, while advocating for Defendants Current Builders of Fla., Inc., CB Development, Inc., and Travelers Casualty and Surety Company of America, Inc., made arguments adverse to Key West Seaside, LLC.” The trial court made no findings that Seaside made the offer of judgment in bad faith. This timely appeal followed.
II. ANALYSIS
The sole issue before this Court is whether the trial court erred in denying Seaside’s motion for fees and costs pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1,442. Florida’s offer of judgment statute, section 768.79, provides in pertinent part that:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him ... from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award. Where such costs and attorney’s fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiffs award.
[[Image here]]
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney’s fees.
§ 768.79(1), (7)(a), Fla. Stat. (2010).[1] Florida Rule of Civil Procedure 1.442(h)(1) further provides that “[i]f a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such a case, the *721 court may disallow an award of costs and attorneys’ fees.”
Under both the statute and rule, therefore, entitlement to fees and costs to a qualifying offeror is mandatory, if the statutory prerequisites have been met. Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993). Indeed,
once an offer has been filed by a defendant and a judgment is one of no liability by the defendant, the defendant has the right to an award of attorney’s fees. The sole basis on which a court can disallow an entitlement to an award of fees is if it determines that a qualifying offer was not made in good faith.
Mesa v. Ocean Enters., Inc., 803 So.2d 908, 909-10 (Fla. 4th DCA 2002) (holding that it was error for the trial court to deny a prevailing defendant attorney’s fees under the offer of judgment statute without making a finding that the offer was made in bad faith); see also Downs v. Coastal Sys. Int’l, Inc., 972 So.2d 258, 261 (Fla. 3d DCA 2008) (“[Ajbsent a finding that a party’s offer of judgment was not made in good faith, the trial court cannot disallow an entitlement to an award of fees.”); Vines v. Mathis, 867 So.2d 548, 550 (Fla. 1st DCA 2004); Mateo v. Rubiales, 717 So.2d 133, 135 (Fla. 4th DCA 1998) (holding that trial court’s failure to make a finding of bad faith under section 768.79(7)(a) where prerequisites of the statute have been fulfilled demands reversal of order denying entitlement to fees).
Here, the trial court denied Seaside’s entitlement to attorney’s fees without finding that Seaside’s proposal was not made in good faith. Instead, its ruling was based on the fact that a co-defendant was legally responsible for Seaside’s attorney’s fees, and on its finding that in representing this co-defendant, the law firm seeking fees made arguments contrary to Seaside’s position. The fact that another party or a nonparty may have paid the offeror’s attorney’s fees is of no consequence to the question of whether the offeror is entitled to fees and costs pursuant to the offer of judgment statute or rule.
Moreover, a review of the record indicates that there could have been no basis for the trial court to find that Seaside made its offer in bad faith. At the time the offer of judgment was made, the magistrate had ruled that Seaside’s lien was transferred to the Travelers bond, and the trial court upheld that ruling twice — including in the Final Judgment. It is well established, as a matter of law, that a determination that Seaside’s transfer of the lien to the Travelers bond precluded liability against Seaside. See § 713.24(1), Fla. Stat. (2013); Allied Gen. Contractors v. Superior Asphalt Co., 397 So.2d 727, 728 (Fla. 5th DCA 1981); Riviera Beach P’ship Ltd. v. S.I. Goldman Mech. Contractor, 345 So.2d 783, 784 (Fla. 4th DCA 1977); Deltona Corp. v. Indian Palms, Inc., 323 So.2d 282, 283 (Fla. 2d DCA 1975) (holding that an owner is not a proper party to a subcontractor’s suit for payment after its lien was transferred to bond); W. Plumbing & Heating Co. v. Hurley, 168 So.2d 328, 329-30 (Fla. 1st DCA 1964); see also Dep’t of Highway Safety & Motor Vehicles v. Weinstein, 747 So.2d 1019, 1020 (Fla. 3d DCA 1999) (holding that good faith exists as a matter of law where at the time an offer was made the offeror had a reasonable basis to conclude that its exposure was nominal); Wagner v. Brandeberry, 761 So.2d 443, 445-46 (Fla. 2d DCA 2000) (same). Furthermore, as our sister court explained in Vines, 867 So.2d at 550, the “entry of the no liability judgment in favor- of [the defendant] mandated an award of attorneys’ fees and costs absent a finding that [the] *722 offer of judgment was not made in good faith.”
Because the trial court did not find that Seaside’s offer of judgment was made in bad faith and Seaside’s offer of judgment met the statutory requirement for entitlement to fees, we find that the trial court erred in denying fees and costs. Accordingly, we reverse the trial court’s order and remand with instructions for the trial court to determine reasonable attorney’s fees.
SHEPHERD, J., concurs.

. This Court reviews de novo a trial court’s ruling on a motion to award attorney's fees and costs pursuant to the offer of judgment statute and rule. Wolfe v. Culpepper Constructors, Inc., 104 So.3d 1132, 1134 (Fla. 2d DCA 2012); Health First, Inc. v. Cataldo, 92 So.3d 859, 869 (Fla. 5th DCA 2012); Jacksonville Golfair, Inc. v. Grover, 988 So.2d 1225, 1226 (Fla. 1st DCA 2008).