LINDSEY, J.
Appellants/defendants below appeal the trial court's orders denying their respective motions for determination of entitlement to attorney's fees against the Appellee/plaintiff below pursuant to section 768.79, Florida Statutes (2015), and Florida Rule of Civil Procedure 1.442. Because: (1) all three of the $3,500 offers of judgment, respectively, complied with both the statute and the rule; (2) a final judgment of no liability was entered in favor of one defendant; (3) the plaintiff was awarded zero damages as to the other defendants; and, (4) the trial court made no finding that the defendants' offers of judgment were not made in good faith, we reverse and remand with instructions to hold an evidentiary hearing to determine reasonable attorney's fees.
I. BACKGROUND
Medex Trading, LLC ("Medex") filed the underlying lawsuit on July 15, 2011. The operative complaint is the fourth amended complaint, filed by Medex and Policlinica Metropolitana, C.A. ("Policlinica"). Policlinica, Premium Medical Group, Inc. ("Premium"), Ivett Corvaia ("Corvaia"), and Luis A. Ruiz ("Ruiz") were not parties to the initial lawsuit. However, the trial court entered an order on the motions to dismiss the second amended complaint, wherein the court determined that Policlinica is an indispensable party and should be joined in the controversy. As such, Medex added Policlinica as an additional plaintiff and also added Premium and Corvaia as additional defendants in the pleading that became the third amended complaint. Medex and Policlinica subsequently added Ruiz as a defendant in the fourth amended complaint.
Prior to trial, Ruiz, Corvaia, and Premium had each presented Policlinica with separate offers of judgment/proposals for *1084 settlement in the amount of $3,500 (the "offers"). Policlinica did not accept any of the offers. Following a multi-day bench trial, the trial court entered a final judgment wherein it found in favor of Ruiz and against Medex and Policlinica. The trial court also entered judgment for damages in favor of Medex and Policlinica and against Corvaia and Premium. However, the trial court awarded all of the damages to Medex and none to Policlinica.
A. Ruiz's Entitlement Order - 3D17-1535
Thereafter, Ruiz filed the following: (i) a motion for determination of entitlement to attorney's fees against Policlinica pursuant to section 768.69 and rule 1.442, and predicated upon Ruiz's offer; (ii) a motion for determination of entitlement to attorney's fees against Medex; and (iii) a motion to tax costs against Medex and Policlinica. The trial court granted Ruiz's motion for attorney's fees against Medex and his motion to tax costs against Medex and Policlinica. However, the trial court denied Ruiz's motion for attorney's fees against Policlinica.
In its order denying Ruiz's motion for attorney's fees against Policlinica, the trial court found Ruiz's proposal was not ambiguous and properly stated that it included attorney's fees, that it was a nominal offer, and that Policlinica did not accept it and is thereby deemed to have rejected it. In addition, the trial court expressly found that Ruiz's offer "was made in good faith."
The trial court further found that the "judgment was entered in favor of Ruiz and against Policlinica and therefore Policlinica did not obtain a judgment that was at least 25 percent less than the amount of the offer."[1] Nonetheless, the trial court denied Ruiz's motion for determination of entitlement to attorney's fees against Policlinica, reasoning that:
awarding attorneys' fees and costs would lead to an absurd result, including because Policlinica was forced into this litigation against its will based on the Court's finding that it was an indispensable party and that ... Policlinica ... did not assert any claims separate or beyond those pleaded by Plaintiff Medex and did not ask for damages in addition to or beyond those sought by Medex, and under the circumstances of this case, it was not unreasonable for Policlinica to reject the offer.
The trial court further found that:
the purposes of the offer of judgment statute would not be furthered by enforcing the Offer against Policlinica given that settling Policlinica's claims would not have resulted in eliminating any of the claims to be considered by the Court and therefore would not have resulted in any of the efficiencies the offer of judgment statutes are designed to promote.
And, the trial court ruled in the alternative that:
even had this Court determined that Ruiz was entitled to an award of attorneys' fees and costs pursuant to his Offer, the Court would nonetheless have reduced any award of attorneys' fees and costs to zero because, consistent with [the trial court's other findings in Ruiz's Entitlement Order] and pursuant to [ rule] 1.442(h)(2), including because the Court finds that Policlinica's rejection of the Offer did not cause additional delay cost and expense, did not prolong the litigation, and it was not unreasonable under the circumstances of this case for Policlinica to reject the Offer.
Ruiz's timely appeal follows.
B. Premium and Corvaia's Entitlement Order - 3D17-1523
Similarly, Premium and Corvaia filed their separate motions for determination *1085 of entitlement to attorney's fees against Policlinica pursuant to section 768.69 and rule 1.442, and predicated upon their respective offers. The trial court found that Premium's and Corvaia's respective offers were not ambiguous and properly stated they included attorney's fees, they were nominal offers, and that Policlinica did not accept them and was thereby deemed to have rejected them. The trial court made no finding with respect to the faith of the offers, whether made in bad faith or not in good faith. Rather, the trial court found that the only reason the final judgment, "as a technical matter, does not award damages to Policlinica is to avoid a double recovery and because the [predecessor judge] found that as between the two of them, Medex suffered the damages more directly."
The trial court concluded that "[a]bsent Medex, however, Policlinica would have been awarded all of the damages awarded to Medex." In addition, the trial court, despite awarding zero damages to Policlinica, expressly stated in its order that Policlinica suffered damages and that it disagreed with Premium and Corvaia's argument that Policlinica did not obtain a judgment that was at least 25 percent less than the amount of the offers. As such the trial court declined to award attorney's fees to Premium and Corvaia. The trial court based this decision on its finding that:
awarding attorneys' fees and costs would lead to an absurd result, including because Policlinica was forced into this litigation against its will based on the Court's finding that it was an indispensable party and that when Policlinica was added as an indispensable party it did not assert any claims separate or beyond those pleaded by Plaintiff Medex and did not ask for any damages in addition to or beyond those sought by Medex, and under the circumstances of this case, it was not unreasonable for Policlinica to reject the Offer[s].
The trial court ruled in the alternative:
even had this Court determined that [Premium and Corvaia] were entitled to an award of attorneys' fees and costs pursuant to their offers, the Court would nonetheless have reduced any award of attorneys' fees and costs to zero because, consistent with [the trial court's other findings in Premium and Corvaia's Entitlement Order] and pursuant to [ rule] 1.442(h)(2), including because the Court finds that Policlinica's rejection of the offers did not cause any additional delay cost and expense, did not prolong the litigation, and it was not unreasonable under the circumstances of this case for Policlinica to reject the offers.
Premium and Corvaia's timely appeal follows.
II. JURISDICTION
Ruiz's Entitlement Order and Premium and Corvaia's Entitlement Order are final orders denying post-judgment motions for attorney's fees.[2] This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
III. STANDARD OF REVIEW
"This Court reviews de novo a trial court's ruling on a motion to award attorney's fees and costs pursuant to the offer of judgment statute and rule." Key West Seaside, LLC v. Certified Lower Keys Plumbing, Inc., 208 So.3d 718, 720 n.1 (Fla. 3d DCA 2015) (citations omitted); see also *1086 Anderson v. Hilton Hotels Corp., 202 So.3d 846, 852 (Fla. 2016) ; Kuhajda v. Borden Dairy Co., 202 So.3d 391, 394 (Fla. 2016) (citation omitted).[3]
IV. ANALYSIS
The issue before us is whether the trial court erred in denying the motions of Ruiz, Corvaia, and Premium for attorney's fees pursuant to section 768.79 and rule 1.442. In applying the statute and rule to the offers Ruiz, Corvaia, and Premium made to Policlinica and the judgment entered by the trial court in the underlying action, we are compelled to find that it did.
A. Section 768.79 and Rule 1.442
Section 768.79 governs offers of judgment and demands for judgment, and provides in relevant part:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him ... from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
....
[ (6) ](a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served....
§ 768.79 (1), (6)(a) (emphasis added).
Rule 1.442(a) provides that "[t]his rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule." Fla. R. Civ. P. 1.442(a). This rule sets forth the requirements for a proposal including content, timing and conditions of acceptance or rejection.
The law in Florida requires section 768.79 and rule 1.442 to be strictly construed because they are in derogation of the common law rule that each party should pay its own fees. Kuhajda, 202 So.3d at 394 (citations omitted). The Florida Supreme Court has recently reaffirmed that the offer of judgment statute creates an entitlement to attorney's fees when the statutory and procedural requirements have been satisfied.
*1087 Anderson, 202 So.3d at 856 (citation omitted). When an offer of judgment is made and the requisites of both section 768.79 and rule 1.442 have been satisfied, entitlement to attorney's fees is mandatory. See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla. 1995) (citation omitted); Anderson, 202 So.3d at 856 (citations omitted); Key West Seaside, 208 So.3d at 721 (citation omitted).
In TGI Friday's, the Florida Supreme Court approved the decision in Dvorak v. TGI Friday's, Inc., 639 So.2d 58 (Fla. 4th DCA 1994), which held that section 768.79 provides for the award of attorney's fees regardless of the reasonableness of an offeree's rejection of an offer of judgment. 663 So.2d at 606-07. The Florida Supreme Court further adopted the Fourth District's analysis in Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993) :
Turning to the substance of section 768.79 itself, we conclude that the legislature has created a mandatory right to attorney's fees, if the statutory prerequisites have been met. The statute begins by creating an "entitlement" to fees. That entitlement may then lead to an "award" of fees. That award may then be lost by a finding that the entitlement was created "not in good faith," or the amount of the award may be adjusted upward or downward by a consideration of statutory factors. That, in outline form, is how we read this statute.
TGI Friday's, 663 So.2d at 611 (quoting Schmidt, 629 So.2d at 1040 );[4] see also Key West Seaside, 208 So. 3d at 721 ("Under both the statute and rule, therefore, entitlement to fees and costs to a qualifying offeror is mandatory, if the statutory prerequisites have been met." (citing Schmidt, 629 So.2d at 1040 ) ); Obregon v. Rosana Corp., 232 So. 3d 1100, 1104 (Fla. 3d DCA 2017) (" Section 768.79 provides that a party has the right to recover reasonable attorney's fees if all dictates of the statute and rule 1.442 have been followed."); DFC Tamarac, Inc. v. Jackson, 151 So.3d 64, 66 (Fla. 4th DCA 2014) ("[P]ursuant to [ section 768.79 ], once an offer of judgment has been made and rejected and a judgment of no liability has been entered, the defendant has a right to an award of attorney's fees unless the offer was found to have been made in bad faith." (quoting Fla. Gas Transmission Co. v. Lauderdale Sand & Fill, Inc., 813 So.2d 1013, 1014 (Fla. 4th DCA 2002) ) ); Suttles, 190 So.3d at 674 ("[S]ection 768.79 creates a mandatory right to a fee award where a party has served a demand or offer of judgment and that party has recovered a judgment in its favor at least 25 percent more or less than the demand or offer[.]" (citing TGI Friday's, 663 So.2d at 611 ) ); Respiratory Care Servs. v. Murray D. Shear, P.A., 715 So.2d 1054, 1056 (Fla. 5th DCA 1998) ("Under section 768.79, an award of attorney's fees is mandatory if the statutory requirements in subsections (6)(a) or (b) are satisfied and if the offer of judgment was made in good faith." (citing TGI Friday's, 663 So.2d at 611 ) ); Jordan v. Food Lion, Inc., 670 So.2d 138, 140 (Fla. 1st DCA 1996) ("The statute creates a mandatory right to attorney's fees when the statutory 'prerequisites have been fulfilled: i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer.' " (quoting TGI Friday's, 663 So.2d 606, approving Schmidt, 629 So.2d at 1040 ) ).[5]
*1088 "[A] no liability judgment activates the offer of judgment statute because a verdict awarding ... nothing is certainly 25 percent less than the offer." Jackson, 151 So.3d at 66 (citation omitted). "Further, it is clear that this entitlement to attorneys' fees hinges on the 'judgment obtained,' as opposed to a verdict form returned by the jury." Anderson, 202 So.3d at 856 (citations omitted). Thus, the right to a fee award turns on the difference between the amount of the rejected offer and the amount of the later "judgment obtained." Section 768.79(6) explains that "[f]or the purposes of the determination required by paragraph (a), the term 'judgment obtained' means the amount of the net judgment entered ...." § 768.79(6).
B. The Offers Made by Ruiz, Premium and Corvaia
Here, the final judgment was one of no liability as to Ruiz. Therefore, as the trial court correctly found in Ruiz's Entitlement Order, the judgment obtained by Policlinica was, on its face, at least 25 percent less than the amount of Ruiz's offer. In the same final judgment, the trial court entered judgment in favor of Policlinica and against Premium and Corvaia, but awarded Policlinica no damages and ordered that Medex would recover all damages. Because Policlinica was awarded no damages, on its face, the judgment obtained was at least 25 percent less than the amount of Premium's and Corvaia's offers. The Florida Supreme Court's reasoning in Anderson, as set forth above, that "entitlement to attorneys' fees hinges on the 'judgment obtained,' as opposed to a verdict form returned by the jury" is equally applicable to a situation such as here where a trial court finds in a bench trial that the plaintiff suffered damages yet enters a judgment for that plaintiff in the amount of zero dollars. 202 So.3d at 856 (citations omitted). Similarly, Policlinica recovered zero dollars from Ruiz.
C. The Not in Good Faith/Bad Faith Exception
There is an exception to the requirement that entitlement to attorney's fees is mandatory where an offer that otherwise meets all of the requirements of section 768.79 and rule 1.442 was not made in good faith or was made in bad faith.[6] Section 768.79 further provides in relevant part:
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.
§ 768.79(7)(a) (emphasis added). Rule 1.442(h)(1) similarly provides that "[i]f a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such case, the court may disallow an award of costs and attorneys' fees." Fla. R. Civ. P. 1.442(h)(1) (emphasis added).[7]
*1089 The offeree bears the burden of proving the offeror's proposal was not made in good faith. Schmidt, 629 So.2d at 1041 n.6.[8] And, it is not an appellate court's task to make a finding of bad faith for the first time on appeal. See Mateo v. Rubiales, 717 So.2d 133, 135 (Fla. 4th DCA 1998) (reversing the trial court's order denying entitlement to attorney's fees under section 768.79 where the record does not reflect that the court ever made a specific finding of bad faith).
Thus, "absent a finding that a party's offer of judgment was not made in good faith, the trial court cannot disallow an entitlement to an award of fees." Downs v. Coastal Sys. Int'l, Inc., 972 So.2d 258, 261-62 (Fla. 3d DCA 2008) (citing Vines v. Mathis, 867 So.2d 548 (Fla. 1st DCA 2004) ); see also Key West Seaside, 208 So.3d at 722 (reversing the trial court's order denying entitlement to attorney's fees where the court did not find that the offer of judgment was made in bad faith and the offer of judgment met the statutory requirement for entitlement to fees); Kuhajda, 202 So.3d 391 ; Anderson, 202 So.3d 846 ; TGI Friday's, 663 So.2d 606.
Here, because all of the requirements of section 768.79 and rule 1.442 were met, Ruiz, Premium, and Corvaia were entitled to an award of attorney's fees unless the trial court made an affirmative finding that their offers were not made in good faith or that they were made in bad faith. It did neither. Rather, the trial court expressly found in Ruiz's Entitlement Order that Ruiz's offer was made in good faith. Additionally, at the hearing on entitlement, the trial court stated that the basis for Ruiz's Entitlement Order "is the basis that was asserted by him, which is, [the predecessor judge] forced Policlinica to be in this case. They [Medex and Policlinica] are pled as plaintiffs both in every single wherefore clause they were alleged for damages. I do not find that there were no damages as against [Policlinica]." The trial court further found that "it was not unreasonable for Policlinica to reject the offer."
Similarly, the trial court found that "it was not unreasonable for Policlinica to reject the offer[s] made by Premium and Corvaia." However, in Premium and Corvaia's Entitlement Order, the trial court did not make a finding as to the faith of either Premium's offer or Corvaia's offer, whether good or bad. Instead, the trial court provided several other reasons in support of its ruling in Premium and Corvaia's Entitlement Order including that sanctioning Policlinica by awarding fees "would lead to an absurd result and not further the purposes of the offer of judgment statute." The trial court further concluded that "the purposes of the offer of judgment statute would not be furthered by enforcing the Offer against Policlinica" and "would not have resulted in any of the *1090 efficiencies the offer of judgment statutes are designed to promote."
Because Florida law requires strict construction of section 768.79 and rule 1.442, it is the plain language of the statute and the rule that must be applied in determining whether a party is entitled to an award of fees thereunder. See Kuhajda, 202 So.3d at 394 (citations omitted). Moreover, "[t]he mandatory language of section 768.79 reinforces the notion that a proper offer automatically creates that entitlement, unless the offer is made in bad faith." Anderson, 202 So.3d at 856 (citations omitted); see also TGI Friday's, 663 So.2d at 612 (explaining that a trial court may, in its discretion, disallow an award of attorney's fees, but only if it determines that a qualifying offer was not made in good faith). Further, even nominal offers may be made in good faith. Downs, 972 So.2d at 262.
Here, all of the requirements of both the statute and the rule governing proposals for settlement were met. The only basis for denying entitlement to attorney's fees is a finding by the trial court that Ruiz, Premium, or Corvaia did not make their offers in good faith or that they made them in bad faith. Because the trial court made neither a finding of bad faith nor a finding that the offers were not made in good faith, its denial of attorney's fees to Ruiz, Premium, and Corvaia was error. See Key West Seaside, 208 So.3d at 721-22; Mateo, 717 So.2d at 135.
In declining to find Ruiz, Premium, and Corvaia entitled to fees, the trial court relied on Central Motor Co. v. Shaw, 3 So.3d 367 (Fla. 3d DCA 2009), Segundo v. Reid, 20 So.3d 933 (Fla. 3d DCA 2009), and Florida Diversified Films, Inc. v. Simon Roofing & Sheet Metal Corp., 118 So.3d 240 (Fla. 3d DCA 2013). However, none of those cases is procedurally on point with the instant case.
First, in Shaw, the plaintiff, Shaw, sued two defendants, Central Motor Company and Hyundai Motor Finance Company. 3 So.3d at 368. Shaw rejected Central Motor Company's $1,000 offer and later accepted Hyundai Finance Company's $10,000 offer in exchange for voluntarily dismissing the lawsuit with prejudice against both defendants. Id. This Court affirmed the trial court's order denying Central Motor Company's motion for attorney's fees under section 768.79. Id. at 370. The majority focused on section 768.79(7)(b), applicable to amount, not entitlement, and held that because Shaw agreed to the dismissal with prejudice against both defendants as part of the terms of the settlement, and since Central Motor Company knowingly benefitted from the $10,000 payment on its behalf to secure both of their releases from litigation, the dismissal with prejudice was not a basis for awarding it attorney's fees. Id. In Segundo, this Court found that "the trial court correctly determined that the proposal for settlement was made in good faith," but reversed the trial court's award of $29,023 in attorney's fees based on 768.79(7)(b), applicable to amount, not entitlement. 20 So.3d at 937-38. Lastly, in Florida Diversified Films, this Court concluded that under the circumstances of the case, the trial court did not abuse its discretion by determining that the plaintiff was not entitled to $770,000 for trial attorney's fees because such award "would result in a manifest injustice." 118 So.3d at 245. Inasmuch, we do not find Shaw, Segundo or Florida Diversified Films controlling as to the instant case.
D. The "tipsy coachman" rule
Under the tipsy coachman rule, "if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support judgment in the record."
*1091 Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999). However, this doctrine is inapplicable "where a lower court has not made factual findings on an issue." Harris v. State, 238 So.3d 396, 403 (Fla. 3d DCA 2018) (quoting Bueno v. Workman, 20 So.3d 993, 998 (Fla. 4th DCA 2009) ).
The trial court's finding in both orders on appeal that it was not unreasonable for Policlinica to reject the offers "is irrelevant to the question of entitlement." TGI Friday's, 663 So.2d at 613. In TGI Friday's, the Florida Supreme Court disagreed with the proposition that "award and entitlement amount to the same thing, and thus the judge could properly use the enumerated factors of subsection (7)(b) as the basis for denying all fees to an otherwise qualifying offeror." Id. at 612. The Florida Supreme Court found it is clear that these enumerated factors are intended to be considered in the determination of the amount of the fee to be awarded. Id. (emphasis added). The factors enumerated in section 768.79(7)(b), which the court shall consider, "along with all other relevant criteria," are:
1. The then apparent merit or lack of merit in the claim.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.
§ 768.79(7)(b) (emphasis added).
The trial court ruled in the alternative that, even in the event its ruling on entitlement as to all three offers was erroneous, and even if it were to consider amount, the amount of fees awarded would be zero. However, the issue of amount was not before the trial court. The orders on appeal pertain to Ruiz's, Premium's, and Corvaia's entitlement to attorney's fees and were issued after a hearing on entitlement only. Pursuant to the trial court's standing order, the trial court would determine the amount of attorney's fees, if any, at a later hearing.[9] In addition, although the trial court addressed additional delay cost and expense and the prolonging of litigation, it does not appear to have considered all of the factors enumerated in section 768.79(7)(b) and rule 1.442(h)(2) as required in determining the amount of an award. Therefore, it would be inappropriate for this Court, on first impression, to make factual findings on the issue of the amount of an award of attorney's fees.
V. CONCLUSION
Because all of the legal requirements were met and because the trial court did not find that the offers were not made in good faith, we reverse the trial court's orders denying the motions filed by Ruiz, *1092 Premium, and Corvaia for a determination of entitlement to attorney's fees and remand with instructions to enter orders awarding entitlement to attorney's fees in favor of Ruiz, Corvaia, and Premium and against Policlinica and to conduct an evidentiary hearing to determine the amount.
Reversed and Remanded.

It appears the trial court meant to write "25 percent more."

On February 1, 2018, this Court consolidated Case No. 3D17-1735, the appeal of Ruiz's Entitlement Order, and Case No. 3D17-1523, the appeal of Premium and Corvaia's Entitlement Order, for oral argument. The two cases are likewise consolidated for purposes of this opinion.

Throughout the case law and, thus, in this opinion, the terms "offer of judgment" and "proposal for settlement" are used interchangeably. See Auto-Owners Ins. v. Se. Floating Docks, Inc., 632 F.3d 1195, 1198 n.2 (11th Cir. 2011) ("We use the terms offer of judgment, proposal for settlement, demand for settlement, and shortened versions thereof interchangeably, as these terms are used interchangeably in § 768.79 and Rule 1.442."). This mixing of the terms is the result of the different language used in the statute and rule. Furthermore, the 1996 Amendment in the Committee Notes of rule 1.442 explains: "This rule was amended to reconcile, where possible, section[ ]768.79, Florida Statutes, and the decisions of the Florida Supreme Court in Knealing v. Puleo, 675 So.2d 593 (Fla. 1996), TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla. 1995), and Timmons v. Combs, 608 So.2d 1 (Fla. 1992). This rule replaces former rule 1.442, which was repealed by the Timmons decision, and supersedes those sections of the Florida Statutes and the prior decisions of the court, where reconciliation is impossible, in order to provide a workable structure for proposing settlements in civil actions...." See In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105, 125-26 (Fla. 1996).

This Court has cited with approval the Florida Supreme Court's adoption of the Fourth District's analysis in Schmidt, 629 So.2d at 1040-42. See Vanguard Car Rental USA, LLC v. Suttles, 190 So.3d 672, 674-75 (Fla. 3d DCA 2016) (citing TGI Friday's, 663 So.2d at 611-13 ).

We note that Ruiz, Premium and Corvaia cited only to TGI Friday's, 663 So.2d 606, in their motions for determination of entitlement to attorney's fees and thus, perhaps, the trial judge did not have the benefit of the recent decisions in this Court applying TGI Friday's, cited herein, or the very recent Florida Supreme Court decisions in Kuhadja, 202 So.3d 391, decided just 19 days before the motions for entitlement were filed and Anderson, 202 So.3d 846, a mere 5 days before.

Although section 768.79(7)(a) and rule 1.442(h)(1) use the phrase "not in good faith" to describe an offer, the case law interchangeably also uses the phrase "in bad faith."

"Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal's recipient to accept a proposal, shall do so by serving a motion in accordance with rule 1.525." Fla. R. Civ. P. 1.442(h). Rule 1.525 provides that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party." Fla. R. Civ. P. 1.525. The Court Commentary to Rule 1.525 explains that it "establishes time requirements for serving motions for costs, attorneys' fees, or both, and in no way affects or overrules the pleading requirements outlined by this Court in Stockman v. Downs, 573 So.2d 835 (Fla. 1991)." Amendments to the Fla. Rules of Civil Procedure, 773 So.2d 1098, 1098-99 (Fla. 2000).

We are unpersuaded by Policlinica's argument on appeal that the trial court's finding that Ruiz's offer was made in good faith, which was not raised by way of a cross-appeal, is not supported by competent substantial evidence and that the trial court erred in so finding. The amount of the offer was $3500. The trial court entered a judgment in favor of Ruiz on Policlinica's claims against him and awarded zero damages to Policlinica and costs in favor of Ruiz. We find no error. Similarly, with respect to Premium's and Corvaia's $3500 offers, while the trial court found that Policlinica suffered damages, it awarded Policlinca zero dollars for those damages.

On January 5, 2017, the trial court entered the standing order, which provided that the trial court would hear argument and decide entitlement to fees before scheduling a hearing to resolve any issues as to the proper amount of any fees or costs. Pursuant thereto, the trial court set forth its timeline of procedures for determining amount "[w]ithin ten (20) [sic] days of the order determining entitlement or from the entry of [the standing order], whichever is later ...." (emphasis in original). The hearing on entitlement was set for February 13, 2017. The trial court's orders on the motions of Ruiz, Premium, and Corvaia for were entered on June 4, 2017.